UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-530 |
| | § | |
| KIMBERLY LONGBINE | § | |

## ORDER

Before the Court is Kimberly Longbine's Motion to Change Method by Which Balance of Sentence Is Served. (D.E. 44). This Court does not have the authority to grant Longbine the relief she seeks. Her motion is DENIED.

## RELIEF SOUGHT

Longbine was originally sentenced in April 2013 to time served after her plea of guilty to counterfeiting. She was also sentenced to three years of supervised release. (D.E. 28). In January 2014, the Probation Department obtained a warrant for her arrest based upon her violation of the terms of her supervised release. (D.E. 31). Her supervision was revoked and she was sentenced to 22 months imprisonment to be followed with 22 months of supervised release. (D.E. 41). Longbine's motion seeks to serve the balance of her sentence by serving it on home confinement, rather than in the Bureau of Prisons. Longbine has served 180 days of her 22 month sentence.

## ANALYSIS

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence

modifications). This Court has authority to modify or correct a previously imposed sentence only in the limited number of circumstances set out in 18 U.S.C. § 3582(c). *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. *Ross*, 557 F.3d at 238; 18 U.S.C. § 3582(c). None of these provisions are implicated by Longbine's motion.

Moreover, the Bureau of Prisons, not the Court, has the exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B).

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . .

*Id.*

The statutory provision on which Longbine relies is part of the Family Unity Demonstration Program which encouraged state and federal facilities to develop residential facilities to be used for eligible offenders and their children under 7 years of

age. 42 U.S.C. § 13882. Notably, Longbine does not have custody of her young children. (D.E. 21, ¶ 96). The program does not authorize home confinement.

The federal portion of the program grants to the Attorney General, acting through the Director of the Bureau of Prisons, the authority to select eligible prisoners. 42 U.S.C. § 13901(a). This program does not relieve the Bureau of Prisons of its exclusive authority to determine the appropriate facility for each prisoner, nor does it grant this Court the authority to modify a sentence. *See United States v. Scott*, 2013 WL 1154315 at *1 (S.D. Tex., March 19, 2013) ("the Court is without jurisdiction to grant Defendant's request that she be allowed to serve the remainder of her sentence in home confinement."); *United States v. Goforth*, 2010 WL 3167359 at *1 (W.D.N.C. Aug. 9, 2010) (designated unpublished)("no portion of [section 13901] authorizes a sentencing court to modify a sentence once imposed."); *United States v. Wright*, 2008 WL 4219076 at *1 (D. Utah Sept. 15, 2008) (designated unpublished).

## CONCLUSION

Longbine's Motion to Change Method by Which Balance of Sentence Is Served (D.E. 44) is DENIED.

ORDERED this 25th day of July, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE